FILED
 2016 Nov-07  AM 08:11
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA GARDNER WOMACK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No.  2:15-cv-00838-HGD |
| ) | |
| MINNESOTA LIFE INSURANCE ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants ) | |

## **MEMORANDUM OPINION**

This matter is before the undersigned U.S. Magistrate Judge based on the consent of the parties pursuant to 28 U.S.C. § 636(c).  Plaintiff, Sandra Gardner Womack, *pro se*, filed suit against defendants, Minnesota Life Insurance Company, (Minnesota Life) and Affion Benefits Group, LLC, after defendants refused to pay accidental death benefits from a policy held by plaintiff's mother at the time of her death under which plaintiff was beneficiary.  Defendants have filed a Motion for Summary Judgment (Doc. 20) and a brief in support of this motion (Doc. 21).  Plaintiff has filed a response.  (Doc. 26).  The matter is now ready for disposition.

## **SUMMARY JUDGMENT STANDARD**

Defendants have moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P. According to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. Rule 56(a). Defendants, as the parties seeking summary judgment, bear the initial responsibility of informing the district court of the basis for their motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which they believe demonstrate the absence of a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A genuine issue of material fact is shown when the non-moving party produces evidence so that a reasonable fact-finder could return a verdict in her favor. *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007). If the non-moving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. In reviewing whether the non-moving party has met her burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the

matter. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in her favor. *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-99 (11th Cir. 1992). However, speculation or conjecture cannot create a genuine issue of material fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). A "mere scintilla of evidence" in support of the non-moving party also cannot overcome a motion for summary judgment. *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004).

## BACKGROUND INFORMATION

Odessa M. Gardner was insured by an Accidental Death and Dismemberment policy issued by Minnesota Life in the amount of $150,500. Ms. Gardner died on April 16, 2013, at 92 years of age. Her daughter, plaintiff, filed a claim under the policy, which was denied by Minnesota Life on the ground that her death did not occur under a circumstance that met the definition of a covered loss under the policy. Affion Benefits Group, LLC, is the independent third-party administrator that provided administrative services under the policy. It had no role in Minnesota Life's claims decision. (Doc. 22, Ex. A, Decl. of Mary Kasel, at ES 0001-02). According to the death certificate, Ms. Gardner's manner of death was natural, not accidental. The course of her death was described as stroke due to atrial flutter. (*Id.* at ES 0012).

Plaintiff filed suit against defendants, asserting that defendants ignored medical records which proved that Ms. Gardner suffered a significant injury from a fall the day before her death. Thus, plaintiff alleges that defendant is liable for breach of contract. In the second count, plaintiff alleges that defendants refused to review the complete medical record regarding Ms. Gardner's death, in order to avoid paying the claim. (Doc. 1-1 at 8-13, Complaint). Although unclear, it appears that this claim is intended to be one for bad faith or negligent handling of her claim.

## DISCUSSION

The records submitted reflect that Ms. Gardner was admitted to St. Vincent's East Emergency Room on April 15, 2013, suffering from dehydration, shortness of breath, weakness, nausea and vertigo after falling in her home. (Doc. 22, Ex. A, at ES 0014, 0018, 0020). A radiology report from examination on April 15, 2013, reflects no fractures or other damage aside from degenerative changes to her bones. (*Id.* at ES 0019). Additional medical records show that Ms. Gardner was re-hydrated and released to return home on that same day. (*Id.* at ES 0016, 0018).

Ms. Gardner died one day later, April 16, 2013, at her home. Ms. Gardner's treating physician, Dr. Hernando Carter, determined the manner of Ms. Gardner's death was "natural cause" and the immediate cause of her death was "strok [*sic*]" due to "atrial flutter." (*Id.* at ES 0012).

Plaintiff filed suit on April 13, 2015, seeking benefits under the policy and additional damages. Plaintiff identified Dr. Hernando Carter as a non-retained expert in her discovery responses and stated that "he will testify with certainty that Odessa Gardner did not suffer from any mental infirmity illness or disease." (Doc. 22, Ex. C, at ES 0058-61).

Thereafter, defendants reviewed Dr. Carter's records relating to Ms. Gardner. After reviewing these records and consulting with Minnesota Life's in-house medical director, the claims department determined that the claim was still not payable. (*See* Doc. 22, Ex. E, Decl. of Dr. Gretchen M. Bosacker, at ES 0073-75).

**Breach of Contract**

To establish a breach of contract claim, a plaintiff must prove: (1) the existence of a valid contract binding the parties in the action, (2) her own performance under the contract, (3) the defendant's nonperformance, and (4) damages. *Congress Life Ins. Co. v. Barstow*, 799 So.2d 931, 937 (Ala. 2001). "[I]t is . . . well settled that in the absence of statutory provisions to the contrary, insurers have the right to limit their liability by writing policies with narrow coverage." *St. Paul Mercury Ins. Co. v. Chilton-Shelby Mental Health Ctr.*, 595 So.2d 1375, 1377 (Ala. 1992). "If there is no ambiguity, courts must enforce insurance contracts as written and cannot defeat express provisions in a policy . . . by making a new contract for the parties." *Id.*

The policy states, in pertinent part:

**What is a covered loss?**

This certificate provides limited coverage. This means we will provide benefits only when your loss results directly - and independently - from all other causes, from an accidental bodily injury which was unintended, unexpected and unforeseen.

The bodily injury must be evidenced by a visible contusion or wound, except in the case of accidental drowning. The bodily injury must be the sole cause of your loss. The injury and loss must occur while your coverage is in force. Your loss must occur within 365 days after the date of the accidental injury.

(Doc. 22, Ex. A, ES 0006-07). There is no ambiguity in this limitation of coverage. *Ala. Code* § 12-21-101 (partially superseded in civil cases by Alabama Rule of Civil Procedure 44) provides that certified "[r]egisters of marriages, births and deaths, kept in pursuance of law or any rule of a church or religious society . . . are presumptive evidence of the facts therein stated." *Ala. Code* § 12-21-101; *see also* Ala.R.Civ.P. 44(a)(1), (2). Plaintiff has provided no evidence that Ms. Gardner's death was the result of an accidental injury. The fact that she suffered a fall the preceding day, along with breathing problems and vertigo, does not mean that she died as a result of the fall. In fact, hospital records reflect that she did not suffer any injury as a result of her fall, and the radiology report reflected only degenerative changes to her bones, an expected condition related to old age.

In addition, the policy specifically states that it does not pay a benefit for any loss or injury caused directly or indirectly, or contributed to, by a bodily illness or

disease. (Doc. 22, Ex. A, at ES 0007). The death certificate reflects that Ms. Gardner's manner of death was natural and the cause of death was stroke due to atrial flutter. (*Id.* at ES 0012). Thus, the undisputed evidence shows that Ms. Gardner's death resulted directly or indirectly, or was contributed to, by the stroke and atrial flutter. Thus, under the policy, Ms. Gardner's death fell within a specific policy exclusion. Therefore, defendants are entitled to summary judgment on plaintiff's breach of contract claim.

**Bad Faith Failure to Pay**

In a "normal" case of bad faith, a plaintiff has the burden of proving: (a) an insurance contract between the parties and a breach thereof by the defendant; (b) an intentional refusal to pay the insured's claim; (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason); and (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason. *State Farm Fire & Cas. Co. v. Brechbill*, 144 So.3d 248, 258 (Ala. 2013).

Plaintiff's bad faith claim fails because there is no evidence that defendants lacked a reasonably legitimate or arguable reason for refusing to pay benefits under the policy. As noted above, the policy specifically states that it does not pay for death of the insured when it is directly or indirectly caused by or contributed to by illness or disease. In this case, the cause of death was listed as stroke resulting from atrial

flutter. In addition, there has been no evidence submitted to indicate that Ms. Gardner's death was "accidental" as that term is defined in the policy.

**Negligence**

A liberal reading of plaintiff's complaint infers that she alleges defendants were negligent in the handling of her claim because they "refused the review of the complete record" (Doc. 1-1, Ex. A, Complaint). She specifically alleges that defendants were negligent in denying "the medical records from the primary care physician." However, the evidence does not support this claim. In fact, the evidence clearly reflects that, when plaintiff notified defendants that Ms. Gardner's primary care physician was to be an unretained expert, they obtained and reviewed his records. However, nothing in this review changed their determination that the claim was due to be denied because there was nothing in them to reflect that Ms. Gardner's death was accidental.

In any event, Alabama law does not recognize a cause of action for the negligent or wanton handling of an insurance claim. *See Kervin v. Southern Guar. Ins. Co.*, 667 So.2d 704, 706 (Ala. 1995) ("[T]his Court has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims." (citations omitted)). Accordingly, plaintiff's negligence claim fails as a matter of law.

## CONCLUSION

Based on the foregoing, the Court concludes that plaintiff has failed to provide any evidence to support her claim that defendants breached the terms of the policy of insurance when they refused to pay benefits on the ground that Ms. Gardner's death was not "accidental" as required for payment under the policy. There also is no evidence that they exercised bad faith in handling the claim. Therefore, defendants' Motion for Summary Judgment is due to be GRANTED. A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 7th day of November, 2016.

_/s/ Harwell G. Davis, III_
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE